UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| GORDON BLAKE JOHNPIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-00033-JRG-CHS |
| | ) | |
| RONNIE PRINCE, AUSTIN SWING, and | ) | |
| DR. KENNETH MATTHEWS, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently housed in the Bedford County Justice Complex ("BCJX"), filed a complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed without prepayment of fees [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff's motion, permit his claims to proceed against Defendants in their official capacities, and dismiss Plaintiff's claims against the Defendants in their individual capacities.

**I.  MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

It appears from Plaintiff's motion [Doc. 4] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined.  The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy.  This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     SCREENING OF COMPLAINT

### A.     Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief.  *Id.* at 681.  Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim.  *Twombly*, 550 U.S. at 570.  However,

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Plaintiff's Allegations

Since Plaintiff was booked into BCJX on June 22, 2023, he "has been refused adequate diagnosis and treatment for Hepatitis C" despite numerous requests for treatment [Doc. 1 at 4–5]. On January 8, 2024, he mailed letters to Jail Administrator Ronnie Prince and Sheriff Austin Swing about his medical condition but received no response [*Id*. at 5]. Defendants have no adherence "to community standards of care or [the] advice from medical experts" [*Id*.]. Instead, Defendants rely on outdated standards of care and refuse adequate treatment for "medically unsound reasons, such as reducing expenses and saving costs" [*Id*.]. Due to the lack of treatment, Plaintiff has developed fibrosis in the liver, which can lead to cirrhosis [*Id*.].

Plaintiff experiences "a substantial amount of chronic pain from the effects of the disease[,]" including nausea, chronic fatigue, gastric issues, night sweats, and insomnia [*Id*.]. Even so, medical staff have refused to prescribe him breakthrough Hepatitis C medication that has been shown to cure the disease in the vast majority of patients [*Id*.]. And, as part of a plea agreement, Plaintiff is under a court order to be transferred to a State prison to receive medical treatment, but that order has not been followed [*Id*. at 5, 7].

Aggrieved, Plaintiff filed the instant lawsuit against Defendants in their individual and official capacities seeking a variety of declaratory and prospective injunctive relief [*Id*. at 2–3, 5].

C.  **Analysis**

To hold an individual Defendant liable in a § 1983 action, Plaintiff must allege that through their "own individual actions" each Defendant "*personally* violated plaintiff's rights under clearly established law." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). Therefore, constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor").

Plaintiff complains "jail officials" have ignored him and prevented him from receiving adequate medical care, and he names a medical professional, Dr. Kenneth Matthews, as a Defendant. But he does not allege any facts against Dr. Matthews in his complaint. Therefore, Plaintiff has not plausibly alleged that Dr. Matthews was personally involved in any constitutional wrongdoing so as to state a claim against him individually. And the only factual allegations against Defendants Prince and Swing are that Plaintiff wrote them letters and he did not receive a response [*See* Doc. 1 at 5, 11]. But a failure to act cannot form the basis of §1983 liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Therefore, Plaintiff has failed to state a plausible claim against Defendants Prince and Swing in their individual capacities. Accordingly, all claims against Defendants in their individual capacities will be **DISMISSED**.

However, Plaintiff has also sued each Defendant in his official capacity. Suit against Defendants in their official capacities as Bedford County employees is the equivalent to suit against Bedford County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity");

*see also Monell*, 436 U.S. at 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But to state a claim against Beford County, Plaintiff must plausibly allege that his constitutional rights were violated due to an official policy or established custom of the County. *See Monell.*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Here, Plaintiff alleges that he has been "refused adequate diagnosis and treatment for Hepatitis C" for cost saving purposes despite a worsening of his condition [Doc. 1 at 4–5]. And a prisoner's right to medical care is violated when a defendant meets an objectively serious medical need with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). It is unclear to the Court whether Plaintiff has been denied all medical treatment, or whether he has been treated by some means but merely denied the latest medical advances in Hepatitis C treatment. The distinction is important, because "[a]n inmate is entitled to adequate medical care, not the best care possible." *Rhinehart v. Scutt*, 894 F.3d 721, 750 (6th Cir. 2018). Nevertheless, at this stage of the litigation, the Court finds Plaintiff's allegations sufficient to state a plausible claim against Defendants in their official capacities, as Plaintiff has alleged that Bedford County has a custom or policy of denying Plaintiff a medically necessary intervention for monetary reasons. Accordingly, Plaintiff's claim for the denial of constitutionally adequate medical treatment will **PROCEED** against Defendants in their official capacities.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed without prepayment of fees [Doc. 4] is **GRANTED**;

5

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff's claim for the denial of constitutionally adequate medical treatment will **PROCEED** against Defendants in their official capacities;

5. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Prince, Swing, and Matthews;

6. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

7. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

9. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against him;

10. Plaintiff's claims against Defendants in their individual capacities are **DISMISSED**; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or her counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE