UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| GORDON BLAKE JOHNPIER, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:24-CV-00033-JRG-CHS |
| RONNIE PRINCE, AUSTIN SWING, and DR. KENNETH MATTHEWS, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Ronnie Prince and Austin Swing (hereinafter "County Defendants") filed a motion to dismiss this pro se prisoner's civil rights action for Plaintiff's failure to cooperate in discovery and prosecute his case [Doc. 27]. Plaintiff has failed to respond to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Consistent with the Court's Local Rules, the Court finds Plaintiff has waived opposition to the sought relief. *See* E.D. Tenn. L.R. 7.2.

**I.  PROCEDURAL HISTORY**

On September 23, 2024, this Court entered an Order granting the County Defendants' motion to compel Plaintiff's discovery responses, ordering Plaintiff to respond to the propounded discovery within twenty-one days, and advising Plaintiff that failure to comply could result in the dismissal of this lawsuit [Doc. 26]. Plaintiff failed to comply with that Order [*See* Doc. 27-1 ¶ 4]. The instant motion followed [Doc. 27].

**II.  DISCUSSION**

Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure each provide that dismissal is an appropriate sanction for failure to comply with a Court order. *See* Fed. R. Civ. P.

37(b)(2)(A)(v) and Fed. R. Civ. P. 41(b). Under either provision, the Court considers four factors when considering dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Hartsfield v. United Parcel Serv., Inc.*, No. 4:18-cv-69, 2020 WL 1539337, at *2 (E.D. Tenn. Mar. 2, 2020) (quoting *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019)).

Plaintiff has willfully failed to comply with the discovery process or this Court's Orders, which has prejudiced the County Defendants, who have spent significant time and resources attempting to conduct discovery with an uncooperative Plaintiff. And this Court explicitly warned Plaintiff that it could dismiss this case if he failed to comply with the Order granting the County Defendants' motion to compel discovery responses [Doc. 26 at 2]. Moreover, alternative sanctions are not appropriate, as Plaintiff is proceeding pro se and has disregarded the Court's warnings and orders. Therefore, dismissal of this action as to the County Defendants is warranted.

### III. CONCLUSION

For the reasons set forth above, the County Defendants' motion [Doc. 27] is **GRANTED** insofar that Defendants Ronnie Prince and Austin Swing are **DISMISSED** from this action. Further, Plaintiff is **ORDERED** to show cause, within fourteen (14) days why this action should not be dismissed as to the remaining Defendant, Dr. Kenneth Matthews, based on Plaintiff's failure to prosecute and comply with orders of the Court. Plaintiff is **NOTIFIED** that failure to respond to this Order will result in the dismissal of this action without further notice. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.")

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

3

Case 1:24-cv-00033-JRG-CHS   Document 29   Filed 11/18/24   Page 3 of 3   PageID #: 182